UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISIDRA VASQUEZ,

    Plaintiff,

v.  No. 1:21-cv-00612

ICI CONSTRUCTION, INC., and
ENCORE MECHANICAL, INC.,

    Defendants.

## NOTICE OF REMOVAL

Defendants ICI Construction, Inc. ("ICI") and DJR Inc., d/b/a Encore Mechanical ("Encore") (collectively "Defendants"), by and through their attorneys, Riley, Shane & Keller, P.A. (Mark J. Riley, Spirit A. Gaines, and Drew A. Larkin), hereby give notice of removal of this matter to the United States District Court for the District of New Mexico. In support, Defendants state the following:

1. Plaintiff Isidra Vasquez commenced this action in the Third Judicial District Court, County of Dona Ana, State of New Mexico, by filing "Plaintiff's Original Complaint and Request for Disclosure" entitled *Isidra Vasquez, Plaintiff v. ICI Construction, Inc., and Encore Mechanical, Inc., Defendants*, Case No. D-307-CV-2015-00061 ("Complaint") on January 8, 2015. (*See* Complaint attached hereto as **Exhibit A1**).

2. Defendants time to answer or remove with respect to the Complaint has not expired. "The removal period under § 1446(b) begins only after both (1) the defendant has been served with the summons, and (2) the complaint has been made available in some way to the defendant according to the local jurisdictions' rules." *Armijo v. Flansas*, No. 17-CV-665 WJ-JHR, 2017 WL 6001769, at *4 (D.N.M. Dec. 4, 2017) (unpublished).

3. On or about February 27, 2015, Plaintiff mailed her Complaint to Encore Mechanical in the care of H. Michael Giles at 2304 Hancock Dr. No. 4, Austin, Texas 78756. (*See* Return of Service for Encore, attached hereto as **Exhibit A2**).

4. H. Michael Giles was not, nor has he ever been, an authorized agent to accept service on behalf of Encore Mechanical. (*See* Affidavit of H. Michael Giles and Affidavit of Tammi Danielson, attached hereto as **Exhibit B** and **C**, respectively).

5. Mr. Giles did not reside at 2304 Hancock Dr. No. 4, Austin, Texas 78756. **Exhibit B**.

6. Mr. Giles never received a copy of the Summons and Complaint, nor was any signed receipt demonstrating the same ever produced. **Exhibits B** and **C**.

7. In 2015, the registered agent authorized to accept service of process for Encore Mechanical was Dale J. Reeves at 10613 Sprinkle Cut-off Road, Austin, Texas 78754. **Exhibit C**.

8. On or about February 17, 2015, Plaintiff mailed the Complaint to ICI Construction, in the care of CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201. (*See* Return of Service for ICI, attached hereto as **Exhibit A3**).

9. As of May 22, 2014, to the present, ICI's registered agent authorized to accept service of process was Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701. (*See* Affidavit of Bart Cobb, attached hereto as **Exhibit D**).

10. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants hereby give notice of removal of all counts and claims asserted by Plaintiff in the civil action filed in the Third Judicial District, County of Dona Ana, State of New Mexico, styled: *Isidra Vasquez, Plaintiff, vs. ICI Construction, Inc., and Encore Mechanical, Inc., Defendants*; Cause No. D-307-CV-2015-00061. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date are attached hereto as **Exhibit A** and subsequently enumerated within **Exhibit A**.

11. This is an action of a civil nature in which the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a) because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

12. ICI Construction, Inc., is a non-resident company with its principal place of business in a State other than New Mexico. Encore Mechanical, Inc., is a non-resident corporation with its principal place of business in a State other than New Mexico. Plaintiff is, upon information and belief, a citizen and resident of New Mexico.

13. A reasonable estimate of the amount that will be put at issue in the course of the litigation is in excess of $75,000.00,[1] exclusive of interest and costs.

14. Plaintiff's Complaint states three causes directed to Defendants including (1) premises liability, (2) negligent hiring and supervision, and (3) tortious assault. *See* **Exhibit A1**.

15. Without admitting the validity of any of Plaintiff's allegations, the amount that will be put at issue in this case will likely exceed the jurisdictional minimum because Plaintiff seeks to recover from Defendants: (a) general damages; (b) special damages; (c) punitive damages; and (d) attorneys' fees, among other things. *See* **Exhibit A1** at ¶¶ 31 – 36.

16. Without admitting the validity of any of Plaintiff's allegations, if Plaintiff prevails on her claims, New Mexico law may permit recovery of compensatory damages, incidental and consequential loss damages, punitive damages, and attorneys' fees.

17. "Punitive damages may be considered in determining the requisite jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003). A removing defendant need only establish that state law would permit a recovery of punitive damages

---

[1] *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (1995); *see also Frederick v. Farmers Underwriters Ins. Co.,* 683 F.3d 1242, 1254 (10th Cir. 2012); and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (holding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. . . [e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation").

and that the "total award, including compensatory and punitive damages, could exceed 'the jurisdictional minimum].'" *Frederick v. Farmers Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2010). Similarly, where recovery of attorneys' fees is permitted by statute, such claims may also be considered in determining whether the amount in controversy requirement is satisfied. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).

18. Without admitting any of the Plaintiff's allegations, and without admitting the Plaintiff is entitled to recover any of the claimed damages, Defendants submit that the aggregate "value" of what Plaintiff seeks to recover in this case, or what a judgment would be worth to Plaintiff, exceeds $75,000.00. *See Wiatt v. State Farm Ins. Co.*, 560 F.Supp.2d 1068, 1075 (D.N.M. 2007) (providing court may "aggregate actual damages, punitive damages, attorneys' fees, and statutorily imposed penalties" when determining whether jurisdictional amount requirement is satisfied).

19. Pursuant to 28 U.S.C. § 1446 (d), written notice of removal has been given to all adverse parties and a copy of this Notice of Removal has been filed with the Clerk of the Second Judicial District Court, County of Bernalillo, State of New Mexico.

20. Venue is appropriate in the U.S. District Court for the District of New Mexico because the alleged actions and/or omissions occurred in New Mexico.

21. Defendants consent to removal.

Respectfully submitted,

**RILEY, SHANE & KELLER, P.A.**

By: */s/ Spirit A. Gaines*
 **MARK J. RILEY**
 **SPIRIT A. GAINES**
 **DREW A. LARKIN**
 3880 Osuna Road NE
 Albuquerque, NM  87109
 (505) 883-5030
 mriley@rsk-law.com
 sgaines@rsk-law.com
 dlarkin@rsk-law.com
 *Attorneys for Defendants*

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 1st day of July, 2021, a copy of the foregoing was electronically filed through the CM/ECF system, which caused participating counsel to be served with same by electronic means, and was emailed on the same day to the following counsel of record:

Enrique Chavez, Jr.
Chavez Law Firm
2101 Stanton St.
El Paso, TX 79902
(915) 351-7772
enriquechavezjr@chavezlawpc.com
*Attorneys for Plaintiff*

By: */s/ Spirit A. Gaines*
**SPIRIT A. GAINES**