3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
1/8/2015 2:30:00 PM
CLAUDE BOWMAN
Paloma Nava

## THIRD JUDICIAL DISTRICT
## STATE OF NEW MEXICO
## DONA ANA COUNTY, NEW MEXICO

| | | |
|---|---|---|
| ISIDRA VASQUEZ,<br>　　Plaintiff,<br>v.<br><br>ICI CONSTRUCTION, INC. AND<br>ENCORE MECHANICAL, INC. AND<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. D-307-CV-2015-00061<br>Jury Demanded |

### PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR DISCLOSURE

1. Plaintiff, Isidra Vasquez, hereafter known as ("Ms. Vasquez"), complains of injuries proximately caused by the negligent conduct of Defendant ICI CONSTRUCTION Inc., hereafter known as ("Defendant ICI"), Defendant Encore Mechanical Inc., hereafter known as ("Defendant Encore Mechanical"), and collectively referred to as ("Defendants").

### I. VENUE AND PARTIES

2. Venue is proper in Dona Ana County, New Mexico, because Dona Ana County is the county where the Defendants' negligent acts and omissions complained of in this complaint occurred.

3. Defendant ICI Construction, Inc., may be served with process by serving their registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

4. Defendant Encore Mechanical, Inc., may be served with process by serving their registered agent H. Michael Giles, 2304 Hancock Dr. No. 4, Austin, Texas 78756.


EXHIBIT A1

## II. F<sub>ACTS</sub>

6. Companies must safely supervise their employees to prevent their employees from physically assaulting anyone at work to protect us from harm.

7. Companies must hire safe and professional supervisors whom will not physically attack anyone at work in order to protect all of us from physical and emotional harm.

8. Defendant ICI was hired as a general contractor to construct the Sonoma Palm Apartments in Las Cruces, New Mexico.

9. Defendant ICI subcontracted Defendant Encore Mechanical to install the heating and cooling units at the Generic Apartments.

10. Defendant Encore Mechanical hired Steven Shmimehl as supervisor who is always present on-site.

11. Throughout the construction of the General Apartments, Steven Shmimehl displayed violent behavior towards his employees and more specifically towards the personnel of other contractors.

12. Steven Shmimehl had a history of attempted assault, and threatening assault on employees of other contractors, including, but not limited to, Campos Roofing and Employer Mata Construction.

13. As such, Defendant ICI and Defendant Encore Mechanical, **were on notice** that supervisor Shmimehl's proclivity for violence posed a foreseeable risk of injury to the workers at the Sonoma Palm Construction Site.

14. On or about October 31, 2013, in the morning, employees of Defendant Encore Mechanical borrowed a forklift from an employee of Employer Mata Construction.

15. On or about October 31, 2013, the safety director attempted to retrieve the forklift.

16. Then, employees of Defendant Encore Mechanical responded by making several sexist epithets, cursing obscenities, and by refusing to return the forklift to the safety director.

17. The safety director peacefully, and with the assistance of other employees of Enrique Mata Sr. Construction Inc., ("Employer Mata Construction"), was able to retrieve the forklift.

18. After retrieving the forklift, Ms. Vasquez, and the employees who assisted her, returned back to their work sector at the Sonoma Palm Construction Site to complete their work for the day.

19. Shmimehl then verbally berated Ms. Vasquez for taking back the forklift and demanded that she return it immediately.

20. In anger, Shmimehl, with full force, slapped the safety director in the face injuring her.

21. The safety director is Isidra Vasquez, plaintiff.

22. Defendant Shmimehl's assault on Ms. Vasquez was witnessed by several individuals including, but not limited to, Defendant ICI employees Jose Gonzalez, Tony Montoya, and Danny Camacho, as well as other on-site workers Phillipe Camacho, Misayel Flores, and Richie Peredico.

23. The Las Cruces Police Department was called to the scene, and their officer/s made a report documenting the assault. Ex. A (Crime / Incident Report).

24. After the assault, Defendant ICI's Superintendent, Steve Page, and Framing Supervisor, David Pickles, informed Ms. Vasquez that they had spoken to Defendant Shmimehl, just two days prior, to address his violent conduct, warning him that if he continued his violent behavior he would end up hurting someone.

25. Upon returning to work just days after the assault, Ms. Vasquez discovered that Defendant Shmimehl was working on-site, despite the undisputed fact that he had assaulted Ms. Vasquez just days before.

26. Both Defendant ICI, and Defendant Encore Mechanical, authorized Defendant Shmimehl to continue working on-site after having notice of Defendant Shmimehl's violent behavior, his assault on Ms. Vasquez, and Ms. Vasquez's explicit notification that she did not feel safe with Defendant Shmimehl on-site.

27. Defendants' negligence proximately caused Ms. Vasquez to suffer substantial injuries.

### III. Cause of Actions

#### A. Cause of Action One: Premise Liability

28. Defendant ICI breached its duty to protect Sonoma Palm Construction Site workers, specifically Ms. Vasquez, from the foreseeable harm of Defendant Shmimehl's known violent proclivity and history of violent conduct.

#### B. Cause of Action Two: Negligent Hiring and Supervision

29. Steven Shmimehl's known violent history and unmitigated proclivity for violent behavior made him unfit to interact with on-site personnel without adequate supervision. Consequently, because the risk of harm created by Defendant Shmimehl's violent conduct was foreseeable, Defendant Encore Mechanical is jointly and vicariously liable for the injuries caused by Defendant Shmimehl. Moreover, Ms. Vasquez' injuries were sufficiently connected to Defendant Encore Mechanical's business operations, because they were the result of an assault stemming from work related interaction and disagreement.

### C. CAUSE OF ACTION THREE: TORTIOUS ASSAULT

30. Defendant Shmimehl made unwanted bodily contact with Ms. Vasquez when he slapped her in the face. Defendant Shmimehl's bodily contact caused Ms. Vasquez substantial injuries.

### IV DAMAGES

31. Ms. Vasquez incorporates all allegations made elsewhere in this complaint.

32. The Defendants' negligence, directly and proximately caused Ms. Vasquez' damages in the form of medical costs, lost wages and benefits. Ms. Vasquez is entitled to recover from Defendants all payments accrued as of the date of judgment plus interest computed at the legal rate together with a sum equal to the present value of any payments that have not matured on the date of judgment. In addition, as a further direct and proximate result of Defendants' conduct, Ms. Vasquez suffered physical pain and mental anguish and will in all likelihood continue to do so in the future. Ms. Vasquez has further suffered additional consequential damages.

### V PUNITIVE DAMAGES PUNITIVE DAMAGES

33. Defendants' negligent conduct as described above was harsh, willful, malicious, reckless, wanton, and oppressive. The above-described conduct of the Defendants constitutes the type of conduct for which exemplary damages may be awarded in that Defendants acted with malice and reckless indifference to the state-protected rights of the Ms. Vasquez. Therefore, Ms. Vasquez seeks punitive damages in an amount to be determined by the jury. Furthermore, as described above, Defendants' conduct when viewed objectively, included an extreme degree of risk, considering the probability and magnitude of the potential harm to Ms. Vasquez, and Defendants had actual, subjective awareness of the risk involved, but

nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Ms. Vasquez.

## VI FEES AND EXPERT FEES

34. Ms. Vasquez is entitled to attorney's fees and expert fees as allowed by New Mexico law.

## VII JURY DEMAND

35. Ms. Vasquez demands a jury trial of six persons.

## VIII PRAYER

36. For these reasons, Ms. Vasquez asks that Defendants be cited to appear and answer, and, on final trial, that Ms. Vasquez have judgment against Defendants for the following:

   a. general damages;
   b. special damages;
   c. punitive damages as determined by the jury;
   d. prejudgment interest as provided by law;
   e. attorney's fees and expert fees;
   f. post-judgment interest as provided by law;
   g. court costs and all costs of suit;
   h. reinstatement;
   i. such other and further relief to which Ms. Vasquez may be justly entitled.

Respectfully submitted,

**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
915/351-7772
915/351-7773 facsimile

By:   */s/ Enrique Chavez, Jr.*
**Enrique Chavez, Jr.**
State Bar No. 142906
Attorney for Ms. Vasquez